67 | 109,
f94 | 657

## ELLEN TIERNEY *v.* KING BROWN ET AL.

1. TAX TITLE. *Board of supervisors. Approval. Code* 1871, § 1353.
   Under the code of 1871, which prohibited boards of supervisors from remaining in session longer than four days at any regular session, an assessment roll which was approved on the seventh day of such session was void, and could not support a sale of land for taxes.

2. SAME. *Land assessment roll, Warren county, for* 1879.
   Accordingly, the assessment roll for lands in Warren county for 1879, having been approved on the seventh day of the October meeting of the board of supervisors, was illegal, and a tax title based on it is void.

FROM the circuit court of Warren county.
HON. RALPH NORTH, Judge.
The opinion sufficiently shows the facts.

*Wade R. Young,* for appellant.

The point involved here was not properly before the court in *Bowman* v. *Roe*, 62 Miss. 513, and the language relied on by appellee was *obiter*. The question here is, whether the proceedings of the board were governed by § 1353, code 1871, or by the provisions of the revenue act of 1878? The latter act repealed the former, and was the law governing the board. Section 26 of the act of 1878 (p. 37) permitted and required the board to appoint a time for the completion of the roll, if found to be necessary, at the August meeting. This was done in this case, and the first Monday in October fixed as the time, and the clerk was directed to give notice. Sec-

tion 27 of the act required the board to sit from day to day until the roll was disposed of, and all proper corrections made. It was not necessary for the board to have remained in continuous session at the August term to dispose of the roll. *Wolfe* v. *Murphy*, 60 Miss. 15. An adjournment to a day appointed was permissible, and the board might limit the time as it saw fit. *Cogburn* v. *Crittenden*, 62 Miss. 136.

*Birchett & Gilland*, for the appellees.

By § 1353, code 1871, the meeting of the board was limited to four days. The land roll was approved on the seventh day, and therefore the assessment was void. *Bowman* v. *Roe*, 62 Miss. 513.

Boards of supervisors cannot hold adjourned meetings, but must hold special meetings on due notice, according to said section 1353. *Smith* v. *Nelson*, 57 Miss. 138 ; *Wolfe* v. *Murphy*, 60 Ib. 15.

WOODS, C. J., delivered the opinion of the court.

This is an action of ejectment brought in the circuit court of Warren county for the possession of the south part of section five, township fourteen, range four east. The defense by Louisa C. Edwards, who was admitted to defend as landlord, is as to the southeast quarter of said section five only.

When this cause was before this court at the October term, 1888, it was held that there was nothing in the record contravening the validity of the assessment and sale of these lands, it not then appearing from the record in the cause that the action of the board of supervisors in accepting and approving the land roll on the 13th day of October, 1879, was not had and taken at a special term, legally called. At the second trial of the case, however, in Warren county circuit court, a fuller presentation was made of the minutes of said board of supervisors, and the record embodying this fuller presentation now before us, shows affirmatively and conclusively that the land roll was approved and accepted, and the tax levied on the real estate in said county, not at a special meeting, but at the regular October term, on the 13th day of that month, and on the seventh day of the session. There was no authority for the action of the board of supervisors in thus accepting and approving

the land roll, and in levying the tax on that day. The board met in regular session on the first Monday, the 6th day of October, but only took the action, alleged to have been unauthorized by law, on the seventh day of its session. Section 1353, code of 1871, prescribes the time of holding regular meetings by the boards of supervisors, fixing the dates of such meetings on the first Mondays in January, March, July and October of each year, and limits the sessions of such meetings to four days, and no longer. As the approval and acceptance of the land roll, and the tax levy were made three days after the expiration of the period fixed by law during which the board might sit, it follows that the proceedings of the board, which resulted in the sale of the lands in controversy for non-payment of taxes due thereon for the year 1879, were unauthorized, and that the tax title of the plaintiff derived therefrom is invalid.

*Affirmed.*