[Nos. 1355 and 1358.]

THE STATE OF NEVADA, Appellant, *v.* THE CENTRAL PACIFIC RAILROAD COMPANY, Respondent (No. 1355); and THE STATE OF NEVADA, Respondent, *v.* THE CENTRAL PACIFIC RAILROAD COMPANY, Appellant (No. 1358).

Boards of Equalization—Jurisdiction and Powers.—Boards of equalization can only exercise such powers as are expressly granted, and when the law prescribes the mode which they must pursue in the exercise of those powers, it excludes all other modes of procedure.

Idem—Continuance of Sessions.—Boards of equalization are not required to remain in continuous session during the time fixed by law for hearing complaints against the assessor's valuation of property, unless there is business before them to transact.

Idem—Cessation of Powers After Adjournment.—When a board of equalization meets on the day fixed by law and, there being no business before it, adjourns until a day subsequent to the last day fixed by law for hearing complaints, its powers cease for the remainder of the year, except to examine the particular cases designated by the statute.

Cross Appeals from the District Court of the State of Nevada, Lander county.

*G. F. Talbot*, District Judge.

The facts sufficiently appear in the opinion.

*J. D. Torreyson*, Attorney General, *J. B. Egan*, District Attorney of Lander county, and *Henry Mayenbaum*, for the State.

I. The complaint stands admitted as to everything except the reduction, and no proof was made or stipulated as to any other defense set up in the answer. The tax therefore on the land is admitted. The defendant failed to show that it was unsurveyed.

II. The board of county commissioners and the board of equalization are bodies of limited jurisdiction, and every step required by statute conferring jurisdiction must affirmatively appear, otherwise their action is void. The meeting of the two commissioners and their order of reduction was therefore absolutely void and of no more force than if any other two persons had met and made such order. (*State* v. *C. P. R. R. Co.*, Appeal No. 1335, 26 Pac. Rep.; *State* v. *Washoe*, 5 Nev. 319; *Hess* v. *Washoe*, 6 Nev. 104; *Swift* v. *Ormsby*, 6 Nev. 95; *State* v. *C. P. R. R. Co.*, 9 Nev. 79; *Sadler* v. *Eureka*, 15 Nev. 39; *State* v. *Canavan*, 17 Nev. 422.)

III. The omission of officers to perform the duties required of them "between the assessment and commencement of suit" constitutes no defense to a suit. (*State* v. *C. P. R. R. Co.*, 9 Nev. 90; *State* v. *Western Union*, 4 Nev. 345; *State* v. *C. P. R. R. Co.*, 10 Nev. 47; *State* v. *Cal. M. Co.*, 13 Nev. 289; *State* v. *C. P. R. R. Co.*, 20 Nev. 373; *State* v. *Sadler*, 23 Pac. Rep. 800.)

*Baker, Wines & Dorsey*, for the Railroad Company.

I. The law enjoined upon the board the duty to meet upon the third Monday in September, and continue in session from time to time until the first Monday in October. The order of

adjournment made upon the first day of its session, over the whole equalization period, and to a date later than the law would permit them to meet as such board, was an act in excess of their jurisdiction, contrary to law and void. The board and everybody else were at liberty to disregard such adjournment, and it could not be invoked to prevent the board from meeting on Friday, the 2d day of October, and hearing the complaint of defendant relative to its assessment, and granting the relief prayed for.

II.    It is the policy of the law to afford every person an opportunity to be heard before depriving him of his property. This is guaranteed by the provisions of our state constitution, which declare " that no person shall be deprived of liberty or property, without due process of law," which is construed to mean, in accordance with the law of the land, that hears before it condemns. In the collection of the revenues, these and similar boards have been established in the various states of the union as tribunals to which the taxpayer may appeal for a redress of grievances in case he has cause for complaint against the action of the assessor, or of assessment boards, and have been held by the courts to constitute due process of law under the federal and state constitutions. (*Murray's Lessees* v. *Hoboken Land Co.*, 18 Howard 278; *Davidson* v. *New Orleans*, 96 U. S. 97.)

By the Court, MURPHY, J. :

The question as to the right of the state to assess the lands granted to the Central Pacific Railroad Company by the government was passed upon in the appeals Nos. 1353 and 1356 (21 Nev. 247), and upon the authority of these cases the judgment and orders appealed from are affirmed.

It appears from the agreed statement of facts, that the assessor assessed the railroad for the year 1890 at fourteen thousand dollars per mile, and the surveyed lands at fifty cents per acre. That the board of equalization met on the 15th day of September. There being no business before them, they adjourned over to the 20th day of October. On the 2d day of October two members of the board met, set aside the order of adjournment made and entered in the minutes of the proceedings of the board of the 15th of September, and reduced the valuation placed upon said

railroad from fourteen thousand dollars per mile to twelve thousand dollars per mile, and from fifty cents per acre to twelve and a half cents.per acre on the land. Upon this valuation the company paid its taxes upon the railroad, but refused to pay on the land, claiming that the said land was exempt from taxation.

The state claims that the board of equalization having met on the 15th day of September, which was the third Monday and the day fixed by the statute for said board to meet, and no business coming before them, and they adjourned over until the 20th day of October, that the meeting held on the 2d day of October by two members of said board was unauthorized and illegal, and their acts null and void. The railroad company contends that the board had the power to meet and act upon any complaint made at any time or any day between the third Monday in September and the first Monday in October.

Section 1091, Gen. Stat. Nev., reads: "The board of equalization shall meet on the third Monday of September in each year, and shall continue in session from time to time until the business of equalization presented to them is disposed of; *provided, however*, that they shall not sit after the first Monday in October, except as in this section provided." Boards of equalization act judicially in equalizing property, and while acting within the scope of their authority, their decisions are conclusive; but when the acts of officers who exercise judicial functions of limited jurisdiction are questioned, the rule is well settled that they must not only show they acted within the authority granted, but it must also appear of record that they had jurisdiction; for the grant of power to such officers must be strictly construed, because when acting under such special authority they must act strictly on the condition under which the authority is given. They can only exercise such powers as are especially granted, and when the law prescribes the mode which they must pursue in the exercise of these powers, it excludes all other modes of procedure.

By section 1091, Gen. Stat., the board of equalization is required to meet on the third Monday in September annually, for the purpose of hearing the complaints of persons feeling themselves aggrieved by the valuation placed upon their property by the assessor, and all parties are bound to take notice of the day of meeting of said board, as appointed by law, for that purpose. We cannot agree in the views expressed by the ap-

274  STATE *v.* C. P. R. R. Co.  [Sup. Ct.

Opinion of the Court—Murphy, J.

pellant, that the board was required to remain in session from the third Monday in September until the first Monday in October. Our understanding of that section is that they shall meet on the third Monday in September, and if there is any business presented to them, they shall remain in session, adjourning over from day to day, until all complaints presented are disposed of, when they may adjourn for the term, or to some future day in the term fixed by law. It was not the intention of the framers of the law that the board should remain in session sixteen or twenty days, if there is no business for them to transact; and if a taxpayer has a grievance to bring before the board, he should be present on the first day of their meeting, and state his grievance, or notify them that he has a complaint to present, and request them to set a day during the term in which he can be heard.

It is a salutary principle of law that every person is bound to take care of and protect his own rights and interests, and to vindicate them in due season, in the proper time, place and manner pointed out by law, and if a party having the proper means of defense in his power fails to use them, he will not be aided by the courts.

The term of the board of equalization is fixed by law, and its duration limited. When they meet at the proper time, they may adjourn from day to day, or to any day during the time fixed by law for them to transact business, but when they did meet on the 15th day of September, 1890, and adjourned to the 20th day of October, there ceased to be any board of equalization after that day for that year, as their powers ceased on the first Monday in October as a board of equalization, except to examine the cases mentioned in the statute, and this does not fall within that class of cases. Therefore when the two members of the board of equalization met on the 2d day of October, 1890, not having given notice of such meeting, and proceeded to hear the complaint of the Central Pacific Railroad Company, and reduced the assessor's valuation of the railroad from fourteen thousand dollars to twelve thousand dollars per mile, their acts were unauthorized and illegal, and therefore void.

The judgment and orders appealed from are affirmed.