THE COMMON COUNCIL OF THE VILLAGE OF THREE RIVERS
v. FRANK B. SMITH.

99   507
100   346

99   507
125   708

*Municipal corporations—Taxes—Assessment—Board of review—Waiver.*

1. The right to a hearing by the assessor, sitting as a board of review, as provided by a village charter, is one of which a tax-payer cannot be lawfully deprived; citing Cooley, Tax'n, 266, 267, and cases cited; *Avery v. East Saginaw*, 44 Mich. 587.[1]

2. The action of a village assessor, sitting as a board of review, on the last of the review days, in determining, fixing, and entering for the first time the amount of personal property for which a tax-payer is assessed, is a departure in a substantial matter from the provisions of the charter, which requires the assessor, after completing his assessment roll and valuation of real and personal property, to give notice of the time and place for reviewing the same, and, on sufficient cause being shown upon oath to his satisfaction, to reduce such valuation.

3. The tax-payer will not be held to have waived this statutory right by reason of a conversation had with the assessor at the time of the assessment of his real estate, in which the matter of the assessment of personal property was discussed but not determined, and the tax-payer notified of the time and place of review.

4. The provisions of the general tax law making it applicable to villages when not inconsistent with their charters, and providing for the addition to the assessment roll by the board of review, during its first meeting, of personal property and real estate omitted from said roll, cannot be invoked to validate the action of the assessor of a village in making such addition of personal property on the last review day, where the charter, unlike the general tax law, does not provide for a second meeting of the board of review.

Error to St. Joseph.   (Loveridge, J.)   Argued March 7 and 8, 1894.   Decided March 27, 1894.

---

[1] See *Township of Caledonia v. Rose*, 94 Mich. 216; *Lumber Co. v. Village of Oscoda*, 97 Id. 221.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*H. O. Bliss* and *B. E. & L. F. Andrews,* for appellant.

*R. R. Pealer* and *George E. Miller,* for defendant.

MONTGOMERY, J. This is an action to recover the amount of a tax assessed against defendant's personal property by the assessor of the village in the year 1891. The defendant prevailed in the court below, and plaintiff appeals, alleging numerous errors. If the circuit judge was right in holding that the assessment was not legally made, because not made within the time required by the charter, and because defendant had no opportunity to have the assessment reviewed, the other assignments of error become immaterial.

The charter provision relative to the review of assessments is as follows:

" Whenever the assessors of said village shall have completed their assessment roll and valuation of the property, real and personal, in said village, it shall be their duty to give notice thereof by publishing in a newspaper,   *   *   * stating the place where the said roll is left for the inspection of all persons interested, and of the time when and the place where they will meet to hear the objections of any persons interested to the valuation so made by them; and at the time so appointed the assessors shall meet, and, on the application of any person considering himself aggrieved, may review and reduce the said valuation, on sufficient cause being shown upon oath to the satisfaction of said assessors; and if any person or persons shall conceive himself or themselves aggrieved by the final decision of said assessors, they shall have the right of appealing from such decision of the assessors, at any time within ten days thereafter, to the common council, who are in like manner hereby authorized, upon sufficient cause being shown as aforesaid, to reduce said valuation." [1]

---

[1] Act No. 161, § 22, Laws of 1855.

By a subsequent amendment to the charter, the number of assessors was reduced to one.

The circuit judge finds that a notice was given by the assessor as follows:

" The assessment roll of the village of Three Rivers will be ready for review Monday, the 25th day of May, inst., at which time I will be at my office at my residence in the Third ward of said village, for the purpose of such review, from 9 A. M. until 4 P. M., and continue in session the day following, and would be pleased to meet all persons interested." (Signed by the assessor.)

It is further found that the assessor attended at the place named, and on the last day of review, namely, May 26, for the first time determined, fixed, and entered the amount of personal property for which defendant was assessed.

1. It is clear that the assessment was not in compliance with the provisions of the charter, and that the departure was in a substantial matter. The right to a hearing by the assessor, sitting as a board of review, is one of which a tax-payer cannot be lawfully deprived. Cooley, Tax'n, 266, 267, and cases cited; *Avery v. East Saginaw*, 44 Mich. 587. This general doctrine is not controverted, but it is insisted that the evidence shows that the defendant waived the objection as to notice, and, furthermore, that the provisions of the general tax law authorizing the board of review to add to an assessment should apply.

2. The testimony fails to show any waiver; much less do the findings establish the fact of waiver. The findings are that the assessment of real estate was made prior to the third Monday of May; that, at the time of making such assessment, the assessor had a conversation with the defendant in reference to the personal property and an assessment thereof, but no amount was ascertained, and no assessment was in fact made; that the assessor then informed the defendant when he would review the assessment roll. The assessor

testified that, on the occasion when the real estate was assessed, he informed the defendant that there was a mortgage appearing on the mortgage book as owned by defendant, and that it was for quite a sum,—for $30,000 to $40,000 or upwards; that defendant asked the assessor, "How did you get that?" and that he replied that he got it from the mortgage book, and that that was all he ·(the assessor) knew about it; that the defendant remarked that he had bought a large property in Detroit, and that he was quite heavily in debt for it; that the assessor informed him that his indebtedness might be taken out of the mortgage, as far as it might appear; that he also informed him that he would have a review, and give him the date of the review; and that when he left the house he said to defendant: "Be sure and be there at the time the board of review is in session; I shall be there, and we can adjust this matter;" and that defendant replied that he would be there. Defendant testified that, when the assessor called at the house, he gave him a statement of his property, but nothing was said about a personal tax, but that the assessor did say that he had a record of a mortgage, but did not know exactly what the amount of it was; and that no assessment of the personal property was made at that time, and that the assessor did not give him the exact date of the meeting of the board of review.

We think this evidence does not show any waiver by the defendant of his right to insist upon a compliance with the law with reference to the assessment. The section of the charter above quoted contemplates that the roll shall be open to the inspection from the time the assessment is made, or at least from the time the notice is given, of all persons interested. Until there was an assessment appearing upon the roll, there could be no occasion for the defendant to appear and ask a review of the assessment. Without determining whether, under any circumstances,

a parol waiver of the right could be shown, we think the evidence does not tend to show more than that the defendant had notice of the time and place of review, and that it was his duty, if he sought to question any assessment regularly made, to appear at that time and do so.

3. It is contended that the provisions of the general tax law of 1889, relative to additions to the assessment roll by the board of review, gave authority to the village assessor to add to this roll the personal property assessed. Section 96 of that law provides that:

"This act shall be applicable to all cities and villages where not inconsistent with their respective charters. With such exceptions, the provisions herein as to supervisors, township treasurers, and boards of review shall include all assessing and collecting officers, and all boards whose duty it is to review any assessment roll." 3 How. Stat. p. 2968.

And it is said that, as no provision is made for *adding* to the assessment in the village charter, the provisions of section 18 of the general law (which provides for a meeting of the board of review on the Tuesday next following the third Monday of May, and provides that the supervisor shall submit the assessment roll to the board of review, and that during that day, and the following day if necessary, the board may of its own motion, or upon sufficient cause being shown by any person, add to said roll the names of persons, the value of personal property, and the description and value of real property liable to assessment in said township, omitted from such assessment roll) govern assessments made under the village charter. We think, however, that the section of the village charter above quoted was intended to cover the whole subject of assessment and review. It will be found impossible to dovetail into these charter provisions the section of the general law applicable to the subject, without removing conflicts between the two by judicial legislation. As before

stated, section 18 of the general tax law provides for additions to the assessment roll by the board of review. But it will be noted that section 19 provides for a second meeting of the board on the fourth Monday and following Tuesday of May, when an opportunity is afforded the tax-payer to have his assessment reviewed. The charter provides for no such second meeting of the board, and none was in fact held in this case; so that, the assessment having been made on the last day of the meeting, the defendant had no opportunity whatever to have his assessment reviewed before the board provided for that purpose.

It is suggested that the charter provides for an appeal to the council, and that this may be held to take the place of a hearing before the board of review; but we do not possess the power to dispense with a jurisdictional prerequisite by substituting another procedure which may be thought by us to constitute an equivalent. The appearance before the assessor may have been more convenient and less expensive; but, whether so or not, it is a statutory right which we cannot deny to the tax-payer. Furthermore, the provision is that the appeal may be made from the decision of the assessor refusing to reduce an assessment upon application to him. It does not contemplate such an appeal except after a showing made to the assessor acting upon such application.

It follows, from the views expressed, that the assessment was without authority of law, and that the judgment of the circuit court should be affirmed, with costs.

The other Justices concurred.