## THE AUDITOR GENERAL v. CLARENCE W. SESSIONS, TRUSTEE, ETC.

*Taxes—Board of review—Unauthorized increase of assessment.*

Where a city charter provides that the board of review, during the first five days of its session, may change the values of property, and that after the expiration of that time it shall not increase any assessment, an increase made after the five days will void the assessment, and the taxes levied thereunder; citing *Common Council v. Smith*, 99 Mich. 507.

Appeal from Muskegon. (Dickerman, J.) Submitted on briefs April 4, 1894. Decided May 18, 1894.

Petition for sale of lands delinquent for taxes under Act No. 195, Laws of 1889. Defendant appeals. Decree reversed, and new decree entered for complainant. The facts are stated in the opinion.

*D. T. Chamberlain,* Prosecuting Attorney, for complainant.

*Sessions, Niskern & Bassell,* for defendant.

Long, J.    A petition was filed by the Auditor General in the circuit court for the county of Muskegon, asking a decree and order of sale of lands situate in that county delinquent for the taxes assessed thereon for the year 1890. Among the lands described in the petition were those in controversy here. The defendant appeared in the cause, and asked—for various reasons, which will be hereafter stated—that no decree of sale be made against said lands.

It appeared upon the hearing, and is not disputed, that the assessor for that year, on the second Monday in April, placed upon the assessment roll, and assessed to Alexander Rodgers, the owner thereof, the following descriptions of land:

"Block 352, Smalley's survey of the city of Muskegon_$1,000
"S. W. ¼ of S. E. ¼, sec. 25, T. 10 N., R. 17 W...... 4,500."

It appears that some time during the spring of 1890 the above-described property was purchased from Rodgers by the defendant, and the lands were platted by him into what is known as "Highland Park Addition to the City of Muskegon." The plat was executed and acknowledged by the defendant and by the surveyor April 1, 1890, was approved by the common council by resolution adopted

April 15, was examined and approved by the Auditor General May 2, and was recorded in the office of the register of deeds for Muskegon county May 14. The plat contained 10 blocks with 18 lots in each block, and 5 blocks with 8 lots in each block. The assessor for that year assessed this property to the defendant, describing it as the "Highland Park Addition, blocks 1 to 15, inclusive," with a valuation upon each block as an entirety, the whole property aggregating the sum of $5,500, the same amount as when assessed under the former descriptions, thus assessing it twice. The board of review of the city of Muskegon convened on the 2d day of June, 1890, the date fixed by section 2, tit. 10, of the charter. On the 9th the defendant appeared before it, and filed a written protest against the double assessment, and asked to have the latter one stricken from the roll. Instead of so doing, and leaving the property assessed as it was originally by the assessor, the board struck out the first assessment, and left the last to stand, so that the property stood assessed as blocks in Highland Park addition to the city of Muskegon. The board also on that day raised the valuation from $5,500, as fixed by the assessor, to $11,000. This was done by doubling the valuation on each block.

It was claimed in the court below, and is claimed here, that the property, as left to stand upon the assessment roll by the board of review, had no place there, for the reason that at the time of the assessment the plat had not been approved, and had no validity under the provisions of the city charter, as it requires the approval of the common council declared by resolution, which shall be indorsed thereon by the recorder under the corporate seal of the city, and provides that "no such plat and dedication shall be valid or be recorded in the office of the register of deeds for the county of Muskegon until it shall have been indorsed by the recorder in manner afore-

said." Title 15, § 9, of the charter (Act No. 304, Local
Acts of 1889).

We need not pass upon this question in the present
proceedings, for another objection appears, which is fatal
to the assessment and the tax thereunder. Section 2, tit.
10, of the charter, provides that the board of review shall
meet on the first Monday in June. of each year; and, dur-
ing the first five days of its session, it may add to the
roll the names of persons and descriptions of property,
and may change the values of property. The section fur-
ther provides that—

"After the expiration of the first five days of its ses-
sion, said board shall not add to said roll the names of
any persons, nor the description of any property, nor
shall it increase any assessment thereon."

The board, in this case, had been in session seven
days when it doubled the assessment upon this. prop-
erty, contrary to the provisions of the charter. The
assessment is therefore invalidated under the rule laid down
by this Court in *Common Council v. Smith,* 99 Mich. 507.

The court below overruled all these objections, holding
the assessment valid. That decree, so far as it affects the
rights of this defendant and this property, will be reversed,
and a decree entered here in favor of defendant, setting
aside the tax upon these premises, as described by blocks.
But a decree will be entered here holding the tax valid,
as originally assessed, and to be enforced in a proper pro-
ceeding, unless defendant shall pay the same, with interest
thereon, from the time said tax became a lien. The
record will be remanded.

The other Justices concurred.