MATADOR LAND & CATTLE COMPANY, APPELLANT,
v. COUNTY OF CUSTER, RESPONDENT.

(No. 1,578.)

(Submitted May 15, 1903.   Decided June 1, 1903.)

*Taxation—Board of Equalization—Increase in Assessment—*
*Sufficiency of Notice.*

Political Code, Section 3780, requires the board of county commissioners to
meet as a board of equalization on the third Monday of July, and con-
tinue in session from time to time not later than the second Monday in
August.   Section 3789 requires a ten-day notice to be given by mail to
persons interested of a contemplated increase in a tax assessment by the
board of equalization.   *Held,* that a notice mailed August 8th was void,
the functions of the board as a board of equalization expiring on the second
Monday of August, which was the 10th of the month.

*Appeal from District Court, Custer County; C. H. Loud,*
*Judge.*

ACTION by the Matador Land & Cattle Company against the
County of Custer.   From a judgment for defendant, entered
on sustaining a demurrer to the complaint, plaintiff appeals.
Reversed.

*Mr. C. R. Middleton,* and *Mr. M. S. Gunn,* for Appellant.

*Mr. James Donovan, Attorney General,* for Respondent.

MR. COMMISSIONER CALLAWAY prepared the opin-
ion for the court.

As this case and *Western Ranches* v. *County of Custer,* 28
Mont. 278, 72 Pac. 659, decided this day, were heard together
and as the main questions involved in both cases are the same,
the decision in that case applies to this, so far as the two cases
are similar.   The only difference seems to be that in the *Western*
*Ranches Case* the board of equalization utterly failed to give

the plaintiff any notice, while in the case at bar the board on August 8, 1896, gave the plaintiff notice to appear on September 8th following, when the plaintiff might make such legal objections as it might desire, and when the board would take final action on the assessment. The plaintiff appeared, and asked the board to reduce the assessment made, but the board refused so to do. On August 8th the board could not have given the plaintiff the ten days' notice required by Section 3789 of the Political Code, as its functions as a board of equalization expired on the second Monday of August, which was on the 10th of the month. Section 3780 of the Political Code reads as follows: "The board of county commissioners is the county board of equalization and must meet on the third Monday of July in each year, to examine the assessment book and equalize the assessment of property in the county. It must continue in session for that purpose from time to time until the business of equalization is disposed of, but not later than the second Monday in August." While boards of equalization are provided for in the constitution, their periods of life are prescribed by the legislature, and they cannot hold for any other or longer period than the legislature has fixed. So, when the board of equalization of Custer county adjourned on the second Monday of August, 1896, its term of existence for that year absolutely expired. (*State* v. *Central Pacific Railroad Co.,* 21 Nev. 270, 30 Pac. 693; *State ex rel. Evans* v. *McGinnis,* 34 Ind. 452; *Yocum* v. *First Nat'l Bank,* 144 Ind. 272, 43 N. E. 231.)

It follows that the judgment should be reversed, and the cause remanded, with directions to overrule the demurrer.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment is reversed, and the cause remanded, with directions to overrule the demurrer.

MR. JUSTICE MILBURN, being disqualified, took no part in this decision.