THE NEW JERSEY ZINC COMPANY, PROSECUTOR, v. THE SUSSEX COUNTY BOARD OF EQUALIZATION OF TAXES ET AL.

Submitted June 4, 1903—Decided November 9, 1903.

1. The act entitled "An act creating a county board of commissioners to equalize assessments for taxes 'and defining their powers and duties," approved March 22d, 1900, is not unconstitutional because the commissioners are to be appointed by the judge of the Court of Common Pleas.

2. Before proceedings can be taken to increase the valuation of the property of any township, under this act, five days' notice of such contemplated action must be given to the assessor of the township, requiring him to show cause why such increase should not be made.

3. When such a notice is given to the assessor to appear on October 1st, and the action increasing the valuations is taken by the board on September 30th, the action of the board is a nullity.

4. The act of March 22d, 1900, confers no authority upon the board of equalization, appointed under it, to increase the valuation of the property of an individual, or to put an increase upon any specific piece or class of property; the increase ordered must be a sum certain and it must be assessed *pro rata* upon all property in the duplicate, real and personal, at the ratio which each assessment therein bears to the whole sum so added to the duplicate.

5. If it were within the power of the board to increase the valuation of the property of any individual, or to increase the valuation upon any specific piece or class of property, the board would be without power to make such increase, except after notice to the owner of the property, the valuation of which it was proposed to so increase. *

On *certiorari*.

Before Justices VAN SYCKEL and FORT.

For the prosecutor, *Lindabury, Depue & Faulks.*

The opinion of the court was delivered. by

FORT, J.   The first objection is that the act creating the Sussex county board· of equalization of taxes (*Pamph. · L.* 1900, *p.* 134) is unconstitutional, because it provides ·for the appointment of the commissioners by the judge of the Court of Common Pleas.   This contention cannot be · sustained. *Ross* v. *Freeholders of Essex,* 40 *Vroom* 291.

The increased assessment in this case must be set aside for a number of reasons.

*First.* Because no proper notice of the ·proposed action by the board was given to the assessor of Hardyston township, as required by statute.

The statute under which the board may direct an increase expressly provides that "before the valuation of any taxing district shall be increased the assessor of such district shall be notified, in writing, that the said commissioners propose to consider the propriety of increasing such assessment, and he shall be required to show cause why such increase should not be ordered." *Pamph. L.* 1900, *p.* 136, § 6.

The form of the notice given the assessor was probably sufficient.   It was sent by mail, which the statute authorizes, and was that the assessor show cause before the board on October 1st, 1902.   The notice was dated September· 19th, 1902.   The statute only requires a five days' notice.   On September 24th, 1902, another notice was sent to the assessor, as follows:

"NEWTON, N. J., Sept. 26th, 1902.
*"Mr. L. R. Congleton, Newton, N. J.:*

"DEAR SIR—The County Board of Equalization of Taxes will complete their work with a final meeting· on Tuesday, the 30th inst., at which time the duplicates will be ready for distribution.   We will either hold our meetings at the court house or at the office of Henry Huston, where the books· will be available.

"Yours very truly,
"G. A. WILLIAMS,
*"Secretary."*

This second notice was clearly bad under the statute, for two reasons—*first,* it was not a five .days' notice; *second,* it did. not require the assessor to show cause as to any matter .whatever.

. The board of assessors did not meet on October 1st, 1902, pursuant to the notice of September 19th, 1902, but did meet on September 30th, 1902, and on that day fixed the increased valuation upon the prosecutor brought up by the writ in this case.

October 1st, 1902, the date upon which the assessor was first notified to appear, was a date beyond which the board could act upon assessments, the statute expressly limiting the time for the board. to complete its work as the last day of September in any year. *Pamph. L.* 1900, *p.* 137, § 7.

*Second.* Because the action of the board was to direct an increase upon certain special property in the township of Hardyston, the resolution directing the increase reading as follows:

"*Resolved,* That for the said purposes aforesaid said mines and mineral lands aforesaid in the said township of Hardyston aforesaid (returned against said The New Jersey Zinc Company at eleven hundred and forty-five thousand dollars) be increased three million eight hundred and forty-five thousand. dollars, and that the valuation of said duplicate of said township of Hardyston be increased by the amount last aforesaid after said reduction aforesaid."

There is no power under the act of 1900, under which the defendants are organized, to direct that any particular parcel or class of property shall have its valuation increased. *Pamph. L., p.* 134. The power conferred by the fifth section of that act is to equalize . the . assessments of the several taxing districts .of the county where it shall appear "that the value of the property contained .in any duplicate is relatively less than the value of other property in the county," then they may, after a careful, particular and thorough comparison of the .respective duplicates, "add thereto such sum as shall appear just and proper and warranted by such comparison, but not otherwise."

Under just such a statute it was held that a special class or piece of property could not be segregated and its valuation raised or directed to be raised. Under this power, if an increase of valuation is placed upon any township, it must be by a sum certain, which, when fixed, is to be levied equally, by an even percentage, upon all classes of property, real and personal, assessed in the township and found upon the assessor's duplicate, not upon a particular piece or class of property found thereon. *Trask* v. *Carragan,* 8 *Vroom* 264. • The General Tax act provides, where an increase of the assessed values on any duplicate shall be made, that the board shall make it by adding to the duplicate "such percentage as shall appear to them just and proper and warranted by said comparison, but not otherwise." It has been uniformly held under this power that this percentage must be laid upon all property in the duplicate. *Sea Isle City* v. *Cape May,* 21 *Vroom* 50; *McCallum* v. *Assessors,* 29 *Id.* 544; *Englewood* v. *Hopper,* 25 *Id.* 544.

The fact that the language of the act of 1900, under which the increase in this case was made, is that the board may add to the duplicate *"such sum* as shall appear just and proper and warranted by such comparison, but not otherwise," does not change the requirement that such sum so added must be assessed *pro rata* upon all property in the duplicate, at the ratio each assessment therein bears to the whole sum added to the duplicate.

*Third.* But even if it had been found that the board had power to increase the valuation of the property of the prosecutor only in the way they did, still their action was without force, as the increase was made without notice to the prosecutor. By section 1 of the "Act concerning taxes and the equalization of values," &c., approved May 22d, 1884 (*Gen. Stat., p.* 3450), it is expressly provided that where such a board has the power to so increase valuations, it may only do so after "notice shall be given to any and all taxpayers affected, and they shall be heard, by way of appeal or otherwise, in relation thereto."

No pretence is made that the prosecutor had any notice of the proposed action as to its property taken in this case.

This case has been considered and decided without any brief being filed by the defendants. Why this is so, the court is not advised.

The resolution as brought up by the writ in this case is set aside, but without costs.