CITY OF BILOXI v. BILOXI REAL ESTATE COMPANY ET AL.

[47 South. 729.]

MUNICIPALITIES.  *Taxation.  Assessments.  Changes in values.  Code* 1906, § 3422.

Under Code 1906, § 3422, authorizing municipal authorities, at a regular or special meeting held in September or October of each year, to increase or diminish the value of property as assessed for municipal taxation, changes of assessment values made by a municipality after the end of October are void, although made at a meeting held pursuant to an adjournment in October.

FROM the chancery court of Harrison county.

HON. THADDEUS A. WOOD, Chancellor.

The Biloxi Real Estate Company and others, appellees, were complainants in the court below; the city of Biloxi, appellant, was defendant there. From a decree in complainants' favor, overruling a motion to dissolve a preliminary injunction, the defendant appealed to the supreme court.

By their suit the complainants, appellees, sought and obtained an injunction restraining the city of Biloxi from collecting a tax levied by the municipal authorities upon property within the city limits. The bill charged that the tax was illegal because the mayor and board of aldermen met on October 31, 1908, for the purpose of raising and lowering the values of the taxable property in the city, and continued their sessions during the month of November, and made changes during said month largely increasing the assessed value of the property of each of the complainants.

Code 1906, § 3422, is as follows: "The mayor and board of aldermen of a city, town, or village may, at a regular or special meeting, to be held in September or October in each year, increase or diminish the valuation of property as assessed for taxation. Ten days' notice of the meeting at which such changes

are to be made shall be given by posting written notices thereof in five or more public places in the municipality, and in cities the notice shall also be published in a newspaper, if there be one published therein. Any person aggrieved by the action of the mayor and board of aldermen may appeal therefrom to the circuit court as in other cases of appeal, and the same shall be tried *de novo* in the circuit court."

*Doty & Elmer,* for appellant.

There are no allegations in the bill of complaint sufficiently made to warrant a court of equity in granting relief, much less permit an injunction to stand. Allegations of irreparable injury are not sufficient, but the facts and conditions which exist and by reason of which irreparable injury will occur must be definitely given. *McFarland v. Town of Jennings,* 106 La. 541.

The bill of complaint does not allege that any attempt was made by any of the complainants therein to have the assessment roll changed; either increased or decreased; nor does it state whether any of the property was improved by buildings or drainage or otherwise, since the last assessment roll was made.

The next question raised is, had the mayor and board of aldermen the right, after having given the notices, as required by law, to increase or diminish the assessment? Having begun in the month of October, and the taxpayers having had due and legal notice, the board had a right to continue until the entire roll was gone over. This was merely an equalization of taxes, in order to fix the levy. 1 Abbott's Municipal Corporations, sec. 324.

The appellees, complainants below, did not make out even a *prima facie* case. Cooley on Taxation, 750. For a merely irregular assessment, the statutory remedy is the exclusive remedy; it is supposed to be adequate for all the requirements of justice; and it is the party's own folly if he fails to avail himself of it.

In this bill there is no fraud charged directly, nor are there any allegations that would imply fraud; hence a resort to a court of equity cannot be had.

Equity will not relieve against an assessment of property for the purpose of taxation, on the grounds that such an assessment is too high, when the excess, if any exists, results from an honest error of judgment on the part of the one making it. In such cases, the party aggrieved must resort to the remedy provided by statute. If he omits to do so at the proper time and place, the remedy is lost. *Butternuth v. St. Louis Bridge Co.,* 5 Ill. 545, 5 Am. St. Rep. 545.

As there are no allegations in the of complaint that the property of the complainants, appellees here, was assessed proportionately at a higher rate than other property in the same locality, and none that the complainants, appellees here, are paying a greater rate of taxation than any other citizen of Biloxi or taxpayer who owns property in the same locality on the property described in the bill of complaint, no relief can be granted in a court of equity.

Nowhere in the bill is there any offer to do equity by those who have sought, through a court of chancery, to clog the wheels of a municipality and embarrass its officers.

*Dodds & Leathers,* for appellees.

The action of the board in arbitrarily increasing the assessment of appellee's property according to geographical location and districts as alleged in the bill of complaint is utterly null and void, and consequently appellees are not liable for taxes on said increased assessment. *Hawkins v. Mangum,* 78 Miss. 97, 24 South. 872. Code 1906, § 3422, provides how and when boards of mayor and aldermen shall equalize the assessment of property. The appellant board did not meet to equalize the assessment of complainant's property until the night of October 31, 1908, although said section provides that it shall be done in September or October. Statutes providing for assessment and

taxation of property are to be strictly construed, and appellant did not make even a substantial compliance with the section. *Adams v. Greenville,* 77 Miss 881. Appellant increased the assessment of all of appellee's property in the present case, and increased the assessment *in solido,* without authority to do so. *Tax Collector v. Ingersol,* 62 Miss. 73.

Appellant seems to depend largely on the case of *Ames v. Noxubee. County* (Miss), 3 South. 37 In that case there was no question raised as to the validity of the action of the board in increasing the assessment, it was not alleged that its action was void, the only purpose of the bill having been to seek a reduction of the assessment. In the above case the court uses the following significant language in the opinion: "Resort to chancery should not be allowed, in the absence of special circumstances making such resort proper."

MAYES, J., delivered the opinion of the court.

If the injunction in this case is maintainable, it must be on the sole ground that the mayor and board of aldermen had no power, under section 3422 of the Code of 1906, to increase or diminish the valuation of any property assessed for taxation after October, the time limit fixed by the legislature for such action. We have examined, very carefully, all the other contentions of counsel for appellees on the questions urged, and it is our judgment that there is no merit in any of them, since the facts alleged, if true, as to all other matters not indicated above, are mere irregularities, and not subject to impeachment by any collateral proceeding.

If section 3422 of the Code of 1896 limited the mayor and board of aldermen in the time within which they should meet for the purpose of increasing or diminishing the valuation of property assessed for taxation to a regular or special meeting to be held in September or October and no other time, then any meeting held for this purpose, even though it be an adjourned meeting beginning on the 31st day of October, which extended

the sitting time fixed by the statute for this purpose, is utterly void as to anything done by them after that date.    In order to determine this, we cannot look alone to the chapter on municipalities, but must also consider the general revenue laws of the state.    Indeed, by section 3423 of the Code of 1906 it is required that the tax collector of the municipaltiy shall collect municipal taxes during the time, and in the same manner, and under the same penalties as the state and county taxes are collected, and shall in all particulars, in so far as not otherwise provided, be governed by the general revenue laws of the state.    The whole scheme of the revenue laws clearly contemplates that the ·tax roll shall be made up and ready for collection about November of each year, and the process of preparation is not to be indefinitely protracted.    By section 4291 of the Code of 1906 it is made the duty of the assessor to complete and deliver the rolls to the clerk of the board of supervisors on or before the first Monday in July in each year.    By section 4294 it is made the duty of the board of supervisors at its July meeting to examine and determine whether or not the assessment is to be approved. By section 4314 of the Code of 1906 it is made the duty of every person assessed to pay his taxes on or before the 15th day of December.

We merely cite these sections of the Code for the purpose of showing that it was plainly the purpose of the legislature to limit the time in which there shall be a preparation of the rolls for the purpose of taxation, since it is necessary, before the time arrives for the payment of taxes, that all rolls should be complete and in the hands of the tax collector.    In the case of *Tierney v. Brown,* 67 Miss. 109, 6 South. 737, where the board of supervisors approved an assessment roll three days after the time limit allowed by law under section 1353 of the Revised Code of 1871, which only allowed the supervisors to remain in session four days, and no longer, it was held that such action was void and could not support a tax sale of lands made under it.    In the case of *New Jersey Zinc Company v. Sussex*

*County Board of Equalization,* 70 N. J. Law, 186, 56 Atl. 138, it was held that, where the board of equalization was limited in the time for the completion of its work to the last day of September, the board could not act upon assessments on October 1st, and that, if it did, such an action was a nullity.   To the same effect are the cases of *Auditor General v. Sessions,* 100 Mich. 343, 58 N. W. 1014; *Auditor General v. Chandler,* 108 Mich. 569; 66 N. W. 482; *Wiley v. Flournoy et al.,* 30 Ark. 609; *Sioux City & Pac. Ry. Co. v. Washinton County,* 3 Neb. 30; *State v. Cent. Pac. Ry. Co.,* 21 Nev. 270, 30 Pac. 693.   In the case of *Matador Land & Cattle Co. v. Custer County,* 28 Mont. 286, 72 Pac. 662, it is held that, the life of a board of equalization being fixed by the legislature, they can hold for no longer time than that prescribed.

The legislature of the state never contemplated that the mayor and board of aldermen would undertake to extend the time allowed them by the law for increasing or diminishing valuations by undertaking to fix their first meeting on the last day in the month, and then protract the session beyond the time by adjourned meetings.   That cannot be done without defeat of the legislative purpose.   We only decide in this case that the action of the mayor and board of aldermen, under section 3422, after October, was a nullity; but we do not hold that the assessment as returned by the special assessor appointed for this purpose was not valid in so far as this proceeding is concerned, and furnishes a true roll as a basis for the collection of taxes.

The decree appealed from is *affirmed* and cause *remanded.*

*Affirmed.*

FLETCHER, J., delivered the following dissenting opinion:

I am driven to dissent.   I cannot bring myself to agree that section 3433 is so peremptory in its meaning that the additions and corrections to an assessment roll made at a meeting begun in October but extending beyond that month are absolutely

void.  No case has been called to my attention which so holds either directly or by fair inference.  The cases cited in the majority opinion deal with statutes which in effect prohibit the continuance of the session beyond a named date.  But the statute here requires no more than that the meeting shall be held in September or October.  The meeting was in fact held in October, but it being impossible to complete the business at the initial session, the sitting was protracted into the month of November.  This at most was in my judgment no more than an irregularity of which advantage must be taken, if at all by appeal.  Hereafter municipal boards must see to it that in spite of unavoidable accident, impossible to foresee, their meetings must be concluded before the first of November.  I can find no warrant in the statute for such a rigid holding.