TARABINO REAL ESTATE COMPANY *v*. SANDOVAL, COUNTY ASSESSOR. SEAMAN ET AL., AS THE COLORADO TAX COMMISSION, INTERVENERS.
(173 P. [2d] 459)

Decided October 7, 1946.

Mr. JOSEPH W. HAWLEY, for plaintiff in error.

Mr. JOHN N. MABRY, for defendant in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAW-
RENCE HINKLEY, Deputy, Mr. GEORGE K. THOMAS, As-
sistant, for interveners.

*En Banc.*

Mr. Justice Stone delivered the opinion of the court.

On September 2, 1941, that being the first Tuesday in September, the board of county commissioners of Las Animas county sat in regular meeting as a board of equalization pursuant to statute, and representatives of Tarabino Real Estate Company, plaintiff, and plaintiff in error here, appeared thereat and orally protested the valuations of its properties within that county as fixed by the county assessor and applied for adjustment thereof. No action was taken on plaintiff's protest until several days after the time fixed by the statute for holding the first meeting had expired, when action was finally taken making reductions in the valuations of certain of the properties of protestant, and denying changes as to its other properties. Three days' recess was then taken and, upon protest by plaintiff against the valuations of the properties not changed, the board again met after three days' further delay and, October 3, made reductions in the valuations of the other properties of the Tarabino Company.

The county assessor was present at all these meetings, but ignored the attempted reductions in valuation made by the board, and thereafter completed and certified to it his tax rolls, retaining therein the valuations as previously found and fixed by him, and, based on his rolls so certified, the board fixed the annual tax levy. The present action was brought to require a reduction in valuation of plaintiff's properties in accordance with the action of the board, and the cause is here presented for review of the adverse judgment. No question has been raised as to plaintiff's capacity to sue.

 It is first urged that there was error in permitting intervention by the Colorado Tax Commission. The statute confers upon the commission "general supervision over the administration and the enforcement of

all laws for the assessment, levying and collection of taxes, and like supervision over the county officers, boards of county commissioners, county boards of equalization, and all other officers and boards of assessment, levy and collection." *People ex rel. v. Pitcher,* 56 Colo. 343, 138 Pac. 509. Where question arises as to the legality of the action of a county board of equalization, the tax commission is properly concerned. It cannot exercise effective supervision over the enforcement of the revenue laws if barred from the courts where only such enforcement is to be had, and permitting it to intervene in this case was not error. *State v. Odd Fellows Hall Ass'n,* 123 Neb. 440, 243 N.W. 616.

The only other specified error requiring consideration is that the judgment is contrary to law and the evidence. Section 15, article X, of the Colorado Constitution makes it the duty of the board of county commissioners, sitting as a board of equalization, to adjust and equalize the valuation of real and personal property within its county. This constitutional mandate is implemented by section 292, chapter 142, '35 C.S.A., which, at the time of these proceedings, provided that, for the adjustment and equalization of assessment, the board should hold two regular meetings in each year, "Commencing on the first Tuesday in September, and continuing not less than three nor more than ten consecutive days, and on the third Tuesday of September, and continuing not less than two nor more than ten consecutive days." It further provided that in case the time specified for either of the meetings shall prove too short for full consideration of cases for adjustment, the board may "by order of record" extend the time of either of such meetings as the business may require, "such extension not to exceed ten days in any case." The act still further provides that in case any material changes were made in assessments at the first meeting then notice should be given as therein set out and, "The board shall, at its second meeting, sit to hear complaints, only from those dissatisfied with

said changes, and to adjust the assessment so as to equalize the same among the several taxpayers of the county; \* \* \*."

██ ██ If the time limitations of the meetings of the county board of equalization, as particularly specified by the statute, are mandatory, the attempted action by the board on the valuations of the properties of protestant was taken too late, and its attempted action was a nullity. If those statutory provisions are merely directory, then the action of the board was valid. In some jurisdictions similar provisions have been held directory. *Overland Co. v. Utter*, 44 Idaho 385, 257 Pac. 480; *Whiting Finance Co. v. Hopkins*, 199 Cal. 428, 249 Pac. 853; *Younker Bros. v. Zirbel*, 234 Iowa 269, 12 N.W. (2d) 219. In other jurisdictions such provisions have been construed as mandatory. *State v. Odd Fellows Hall Ass'n, supra; McCreery v. Ijams*, 115 Ind. App. 631, 59 N.E. (2d] 133; *Jersey City v. Kelly*, 20 N. J. Misc. 484, 28 A. (2d) 618; *Matador Land & Cattle Co. v. Custer County*, 28 Mont. 286, 72 Pac. 662; *City of Biloxi v. Biloxi Real Estate Co.*, 94 Miss. 653, 48 So. 729. We said in *Tallon v. Vindicator Co.*, 59 Colo. 316, 149 Pac. 108, "Whether statutes involving the constructive steps incident to taxation are mandatory or directory depends upon whether or not the directions given the officers are for the benefit of the taxpayer, to give him notice and an opportunity for a hearing, or for any other purpose important to him. The time for fixing the levy, and delivering the tax warrant to the treasurer, are not for the purpose of giving the taxpayer notice, or a hearing, and are of no concern or importance to him, so far as the time for doing the acts are concerned." Accordingly, the statutory time requirement as to those acts was held directory.

The directions given the county board of equalization as to the required dates of meetings are for the benefit of the taxpayer, to give him notice, and opportunity to be heard, and it is mandatory upon a taxpayer to

make his complaint before the board at the time provided by statute. *Miller v. Comissioners*, 92 Colo. 425, 21 P. (2d) 714. Such complaint having been made, it is the duty of the board to act thereon within the statutory period. Failure of the board in timely performance of its duty without fault of the taxpayer should not deprive him of his constitutional right, nor release it from its constitutional duty, of adjustment and equalization of valuations. The penalty for failure of a tax agency to obey the statute must not be visited upon the taxpayer.

■ Plaintiff having made timely protest before the county board of equalization, it became mandatory on the board to take action thereon. Such action, even if delayed beyond the statutory date provided therefor, was valid, and it was the duty of the assessor to change his records in compliance therewith.

■ However, after the board had belatedly acted on plaintiff's protest, granting reductions on the valuations of certain properties and denying reductions in the case of others, its jurisdiction terminated. It had performed its duty of making decision of the matter before it, and its time for hearing protests—except "only from those dissatisfied with said changes,"—had expired. Therefore, its attempt on October 3 to make reductions in the valuations of properties which had not been changed in its former action, was beyond its authority and void.

■ After the county board of equalization had acted by resolution on matters pending before it and had adjourned, both the board and the taxpayer could properly rely on obedience by the assessor to its order. For that reason, and for the further reason that after its adjournment the board had no further jurisdiction to act, its approval of the certification of valuation as made by the assessor did not constitute a legal ratification of the improper valuation of plaintiff's properties as fixed by the assessor, and delay of the plaintiff in bringing action until after he learned of the wrongful act of the assessor

through receipt of tax notice does not constitute laches. The trial court erred in so concluding.

Accordingly, the judgment is reversed and the case remanded with instructions to take further action in accordance with this opinion.

MR. JUSTICE HILLIARD dissents.