No. 10,761.

GOLDSMITH, COUNTY TREASURER, *v.* STANDARD CHEMICAL Co.

Decided March 2, 1925.

Action to enjoin county treasurer from selling property to satisfy excessive tax. Judgment for plaintiff.

*Affirmed.*

1. TAXES AND TAXATION—*Additional Levy—Failure of Notice.* Failure of a county assessor to give notice and opportunity to be heard on the question of increased assessed valuation of property, as required by sections 7291 and 7292, C. L. '21, held to invalidate the increased levy.

*Error to the District Court of Montrose County, Hon. Thomas J. Black, Judge.*

(1)

Messrs. MOYNIHAN, HUGHES, KNOUS & FAUBER, for plaintiff in error.

Messrs. PERSHING, NYE, FRY & TALLMADGE, Mr. LEWIS A. DICK, for defendant in error.

*Department One.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THIS is a suit brought by the Standard Chemical Company against the county treasurer of Montrose county, to enjoin him, as treasurer, from distraining and selling the plaintiff's property to satisfy an excessive sum appearing on the tax roll extended by the county assessor. The trial was to the court without a jury. The court entered a decree in favor of the plaintiff, as prayed for in its complaint. To reverse that decree the present writ of error was sued out.

The plaintiff company filed with the county assessor, on June 10, 1921, a verified tax schedule, in regular form, of all of its property in Montrose county, showing a total valuation of $183,160. Thereafter, the assessor changed the valuation of the schedule so filed by the company from $183,160 to $289,870, without giving the company notice of the change so made in its schedule, or fixing a time for hearing its objections, if any it had thereto, in the manner prescribed by the statute. The total tax due the county, according to the original schedule as returned to the assessor by the company, amounted to $5,886.76. On March 1, 1922, the plaintiff paid one-half of this amount, and on August 1, 1922, tendered $2,943.38, the amount of the second half, which was refused by the defendant treasurer, for the reason that $6,373.04 was the balance due as it appeared from the tax roll as prepared and certified to him by the county assessor.

The defendant in error contends that the changes made

by the assessor in the schedule filed by it were unlawful, and that the excess tax resulting from the increased valuation made by him was void, for the reason that the changes so made by the assessor were in disregard of the provisions of the statutes, and deprived it of the right to be heard before the assessor, and also of its right to be heard by appeal to the district court. The pertinent sections of our revenue laws are here inserted.

Section 7291, C. L. 1921, provides: "If, in the opinion of any taxpayer, his property has been twice assessed, or if the property exempt from taxation has been assessed, or if personal property has been assessed of which said person was not possessed at the time of the assessment, or if any property has been assessed too high, or if any property has been otherwise illegally assessed, such person having such grievance may appear before the assessor and make known to the assessor the facts in the premises; and if in any particular the assessment complained of is erroneous under the statutes, the assessor shall correct the same. The assessor shall, prior to the first Tuesday in August of each year, mail to each person, association or corporation, whose property has been assessed at a valuation other than that given in the schedule filed by such person, association or corporation, a statement of any such change in valuation, and shall give notice, by publication in at least one issue of a paper published in the county seat, that on a day to be therein named he will sit to hear any and all objections to the assessment roll. If there shall be no such newspaper, then such notice shall be conspicuously posted at the office of the assessor, the county clerk, the county treasurer, and at least two other public places at the county seat. The assessor shall continue such hearing from day to day, and time to time, until all grievances shall be heard; but all hearings shall be concluded before the day of the first meeting of the county board of equalization."

Section 7292 provides: "In all cases where the amount of the total assessed valuation assessed against such tax-

payer exceeds the sum of $7,500, every objection and statement of grievance pursuant to the foregoing section shall be in writing, stating the particular grounds of such objection, or the particular facts wherein such grievance consists; and if such objection be overruled by the assessor, in whole or in part, he shall state briefly in writing the grounds of his refusal, and the taxpayer complaining may appeal from his decision to the district or county court of the county wherein the property is assessed on or before the first Monday in January following said assessment. Such appeal shall be perfected in the same manner as now provided by law for appeal from boards of county commissioners, upon the disallowance of a claim against the county; but before the appeal shall be allowed the petitioner shall pay to the county treasurer the amount of the tax levy pursuant to said assessment, and in case the appellant shall succeed in the county or district court, in whole or in part, the treasurer shall refund such tax according to the judgment of such court."

It is not denied that the assessor overlooked these specific requirements of the statute. The omission of the assessor to give the statutory notice of a change in the schedule to the Company was the denial of a substantial right. The statute confers upon the taxpayer the right to be heard, first before the assessor and then by appeal to the county or district court, where he may again be heard. The assessor cannot, by ignoring the law, deprive the taxpayer of a right expressly fixed by statute.

This court held, in a case where these sections of the statute were under consideration, that a compliance with their provisions by the county assessor is a condition precedent to the validity of a tax levy. Having reference to these provisions of the statute, this court said, in *Gale v. Statler*, 47 Colo. 72, 105 Pac. 858: "The sections of the statute referred to give him the absolute right to have his grievance heard by the county assessor and, if he does not get it there, an appeal to the district or county court, where he may again be heard. We are cited to no pro-

visions of the statute which take away this right.  *  *  *
An omission to conform to such substantial provisions of
the statute as require notice to be given the taxpayer, if
a material addition has been made to his schedule, so that
he may have the opportunity to be heard before the as-
sessor and if the decision of that officer is against him, be-
fore the district or county court, does invalidate a tax
which has been levied in violation of such requirement, and
the taxpayer, before the tax sale, may have relief.  *  *  *
The defendant has not called our attention to any author-
ity which holds that the failure of the county assessor to
give such notice is a mere irregularity or formal matter,
omission of which does not affect the validity of the as-
sessment or levy.  The statutory requirements seem too
plain and important to admit of any claim that they can
be ignored."

We are unable to discover any intentional waiver by the
plaintiff of its rights to notice and a hearing under these
provisions of the statute.  Furthermore, no defense of
waiver or estoppel was set forth in the answer.

The judgment is affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR
concur.