503 P.2d 356 (1972)
SPERRY RAND CORPORATION, Plaintiff-Appellant,
v.
The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF PUEBLO, et al., Defendants-Appellees.
No. 71-427.
Colorado Court of Appeals, Div. I.
November 14, 1972.
*357 Holland & Hart, James E. Hegarty, John S. Castellano, Denver, for plaintiff-appellant.
Edwin K. McMartin, County Atty., James V. Phelps, Asst. County Atty., R. Allan Glover, Special Counsel, Pueblo, for defendants-appellees.
Selected for Official Publication.
COYTE, Judge.
This action involves a dispute between the parties as to the assessed valuation of plaintiff's property in Pueblo County for the years 1966 and 1967. Plaintiff exhausted its remedies before the Pueblo County Assessor and the Pueblo County Board of Equalization and then filed suit in accordance with 1965 Perm.Supp., C.R. S.1963, 137-8-6.
Sperry Rand filed a schedule of its personal property located in Pueblo county on a form supplied by the Pueblo County Assessor. The form as filed contained the description and value as determined by Sperry Rand of the Sperry Rand property located in Pueblo County. The assessor subsequently increased the valuation of the Sperry Rand personal property on the basis of advice from the Colorado Tax Commission. He rejected Sperry Rand's protests of the increase but did not state in writing the reasons for his refusal, as required by 1965 Perm.Supp., C.R.S.1963, 137-5-22(2).
In its Conclusions of Law, the district court stated:
"The statutory requirement, directing the Assessor to separately state the cause of increase and the reason for his refusal of the taxpayer's protest, along with the amount of increase, is directory only and not mandatory."
Plaintiff alleges that, since the assessor did not state his reasons in writing for rejecting plaintiff's protest as required by statute, the court erred in not ordering the assessor to determine plaintiff's taxes by using the value of the property as submitted by plaintiff. We agree with plaintiff and reverse.
1965 Perm.Supp., C.R.S.1963, 137-5-22(2) provides:
"If any person shall be of the opinion that his property has been valued too high, or has been twice valued, or is exempt by law from taxation, or that he did not own taxable property on the assessment date, or that property has been erroneously assessed to him, he may appear before the assessor on the days specified in the public notice to present his objection and protest, and be heard. If the assessor shall find any valuation to be erroneous or otherwise improper, he shall correct such error, but if he shall decline to change any valuation which he has determined, he shall state his reasons in writing and shall, prior to the first meeting of the county board of equalization, mail a copy of such statement to the person presenting the objection and protest so denied." (Emphasis added.)
1965 Perm.Supp., C.R.S.1963, 137-8-4, provides for the filing of a petition for appeal before the county board of equalization:

"Petitions for appeal.The board shall receive and hear petitions from all persons *358 whose objections or protests have been refused or denied by the assessor. Such petitions shall be in writing, shall be verified by the petitioner or someone in his behalf, and shall contain a description of the property claimed to be excessively, erroneously, or illegally valued, the valuation for assessment placed upon it by the assessor and his written statement refusing to change such valuation, the valuation for assessment placed upon it by the petitioner, and the grounds upon which he relied to justify such valuation before the assessor. (Emphasis added.)
There is a presumption that the word "shall" when used in a statute is mandatory. Swift v. Smith, 119 Colo. 126, 201 P.2d 609; City of Colorado Springs v. Street, 81 Colo. 181, 254 P. 440. Additionally, steps in the assessment process which are for the benefit of the taxpayer are mandatory. As stated in Tallon v. Vindicator Consolidated Gold Mining Co., 59 Colo. 316, 149 P. 108:
"Whether statutes involving the constructive steps incident to taxation are mandatory or directory depend on whether or not the directions given the officers are for the benefit of the taxpayer, to give him notice and an opportunity for a hearing, or for any other purpose important to him...."
See also: Holly Sugar Corp. v. Board of Commissioners, D.C., 10 F.2d 506; People ex rel. State Board of Equalization v. Hively, 139 Colo. 49, 336 P.2d 721; Tarabino Real Estate Co. v. Sandoval, 115 Colo. 336, 173 P.2d 459; Goldsmith v. Standard Chemical Co., 77 Colo. 1, 233 P. 1110; Gale v. Statler, 47 Colo. 72, 105 P. 858.
The statute provides that if the assessor shall decline to change any valuation he shall state his reasons in writing and shall prior to the first meeting of the county board of equalization mail a copy to the persons presenting the objection and protest so denied. This he did not do. 1965 Perm.Supp., C.R.S.1963, 137-8-4, provides that the petition for appeal to the county board of equalization shall be in writing and shall include the written statement of the assessor giving his reasons in writing for refusing to change the assessment. The statute also provides that the petitioner in his appeal to the board shall also state the grounds upon which he relied to justify such valuation which he submitted to the assessor. These statutory provisions are clearly mandatory. This information before the board would put the controversy between the parties into proper focus so that the county board of equalization could examine the contentions of the parties and be in better position to weigh the evidence presented to it. Additionally, without the written statement from the assessor, the taxpayer cannot comply with the statutory requirements in presenting his appeal to the board and cannot properly prepare for a hearing before the board without the specific information as to the assessor's reason for denying the protest. Accordingly, our interpretation of the statute is that it is mandatory and not directory. Since the assessor declined to state his reasons in writing for denying the protest of taxpayer, the assessor cannot place a higher assessed valuation on the property than submitted by the taxpayer to the assessor.
Defendants contend that there had been meetings and conferences between the parties involved and that taxpayer was not prejudiced by the failure of the assessor to comply with the statute. We reject this argument. The statute is mandatory, and, unless the assessor complies with the statute, he cannot increase the valuation of said property.
In view of our holding, it is not necessary to consider the other errors claimed by taxpayer.
The taxpayer is entitled to have its taxes for the years 1966 and 1967 computed on the basis of the valuations set forth in its schedules as originally filed and is entitled to a refund of the difference between that amount and the amount paid, together with interest thereon from the date of payment.
*359 Accordingly, the judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent herewith.
DWYER and ENOCH, JJ., concur.