554 P.2d 311 (1976)
PARK STATIONS, INC., Plaintiff-Appellee,
v.
A. C. HAMILTON, Defendant-Appellant.
No. 75-805.
Colorado Court of Appeals, Div. II.
August 26, 1976.
*312 Robert W. Caddes, Denver, for plaintiff-appellee.
Epstein, Lozow & Preblud, P.C., Don Lozow, Jon Lozow, Denver, for defendant-appellant.
Selected for Official Publication.
ENOCH, Judge.
Defendant, A. C. Hamilton, appeals from a denial by the trial court of his motion to reinstate a prior judgment against plaintiff, Park Stations, Inc. We affirm.
In the first trial of this case the jury returned a verdict in favor of defendant on his counterclaim and denied plaintiff's claim. On May 9, 1974, judgment was entered on this verdict. On May 17, 1974, plaintiff filed a motion for judgment notwithstanding the verdict, or in the alternative, for a new trial. Following a hearing on August 23, 1974, the court granted plaintiff's motion for a new trial.
At the close of the evidence in the second trial, the court directed a verdict for plaintiff and dismissed defendant's counterclaim. Defendant initiated this appeal after the court denied his motion to vacate the judgment of the second trial and to reinstate the judgment of the first trial.
Defendant first maintains that in ordering a new trial the court acted on its own initiative and that since, contrary to C.R. C.P. 59(b), that order was entered more than 10 days after entry of judgment, the court erred thereby. In support of this argument, defendant contends that the court granted the motion on grounds other than those stated in plaintiff's motion for a new trial; however, the record does not support this contention.
The court acted only after plaintiff's motion was noticed up for hearing over two months after it was filed. Furthermore, the court granted the motion on "the grounds of passion and prejudice due to misconduct of counsel." The plaintiff's motion alleged that: "3. Defendant's closing remarks to the jury regarding stickers was error. 4. The jury's verdict was the result of bias, prejudice and passion." Accordingly, it is quite apparent that the court was granting plaintiff's motion and not acting on its own motion. Therefore the 10-day rule set forth in C.R.C.P. 59(b) is not applicable. Furthermore, the fact that the court found defendant's counsel to be guilty of misconduct during the course of the trial for more reasons than those alleged by plaintiff does not put the court in the position of acting on its own initiative.
Defendant's second argument is that even if the trial court were not acting on its own initiative, it was still improper to grant a new trial solely on the basis of "passion and prejudice" because there was no affidavit filed in support of said motion. See C.R.C.P. 59(a)(1). We do not agree.
First, we note that defendant did not include the entire transcript of the trial proceedings as part of the record. Furthermore, defendant does not, in this appeal, challenge the court's findings that defendant's counsel was guilty of misconduct in *313 the presence of the court and jury and that such conduct, in effect, caused the jury to render a verdict as a result of passion and prejudice.
In determining whether a new trial should be granted, the trial court has broad discretionary powers. Mayer v. Sampson, 157 Colo. 278, 402 P.2d 185; Singer v. Chitwood, 126 Colo. 173, 247 P. 2d 905. Specifically, the granting of a new trial may be founded upon counsel's misstatements of fact, or on his statements of fact which have not been introduced in or established by evidence, or on a finding that counsel has made a statement or argument appealing to the emotions and prejudices of the jury. 58 Am.Jur.2d New Trial § 57. Also, a new trial is not granted for misconduct of counsel as a disciplinary measure, but to prevent a miscarriage of justice. Patton v. Minneapolis Street Ry., 247 Minn. 368, 77 N.W.2d 433.
The purpose of an affidavit is to give notice of facts previously unknown to the trial court which support the motion in question. The rule, C.R.C.P. 59, specifies that an application for new trial, under certain circumstances, "shall be supported by affidavit," and there is a presumption that the word "shall" when used in a statute or rule is mandatory. Sperry Rand Corp. v. Board of County Commissioners, 31 Colo.App. 444, 503 P.2d 356. Therefore, upon receipt of a motion for a new trial on those grounds which, according to the rules, must be supported by affidavit, the court is not required to act in the absence of such affidavit.
However, where the basis for the motion is, as here, the misconduct of counsel in the presence of the court, the court may act without an affidavit. In Hansen v. Dillon, 156 Colo. 396, 400 P.2d 201, the court discussed the requirement of an affidavit in making application for a new trial based on "misconduct of a jury" or other "`irregularity in the proceedings by which any party was prevented from having a fair trial.'" In so doing it emphasized the need of an affidavit from one having first-hand information of the facts. But, in the present case, the events forming the basis for the granting of a new trial occurred in the presence of the court and during the trial. Hence, the trial judge obviously had sufficient firsthand knowledge to determine whether there was adequate ground for a new trial under C.R.C.P. 59; and, under such circumstances, the absence of an affidavit does not deprive the court of the power to grant relief. Consequently, we hold that where a motion for new trial is based on misconduct of counsel which occurred in the presence of the court, the court may act upon and grant such motion even if no affidavit is submitted.
Judgment affirmed.
RULAND and VanCISE, JJ., concur.