Edwin J. BLECKER, Petitioner,

v.

David L. KOFOED and Eugene F. Costello (By virtue of Foreclosure of Attorney's Lien), Respondents.

No. 84SC219.

Supreme Court of Colorado, En Banc.

Feb. 24, 1986.

Kelly/Haglund/Garnsey & Kahn, Norman D. Haglund, Denver, for petitioner.

David L. Kofoed, Eugene F. Costello, Denver, pro se.

ERICKSON, Justice.

We granted certiorari to review the unpublished opinion of the court of appeals in *Blecker v. Kofoed*, No. 80CA1132 (Colo. App. March 15, 1984). The court of appeals held that the district court erred in granting petitioner's motion for a new hearing on his application for cancellation of respondents' judgment against him. We reverse and remand to the court of appeals with directions to reinstate the trial court's order granting petitioner's application.

### I.

In December 1970, Kopy Kats Denver, Inc. (Kopy Kats) obtained a judgment against Edwin J. Blecker, petitioner, for $153,722.66 in the Arapahoe County District Court. Kopy Kats was represented in that action by attorneys David Kofoed and Eugene Costello, respondents. In November 1971, Kopy Kats changed its corporate name to Great America Printing Co. (Great America). In 1974, Great America, as the successor in interest to Kopy Kats, obtained a judgment against petitioner in Alaska based on the 1970 Colorado judgment. Petitioner filed for bankruptcy in Alaska in 1975, listing Great America as an unsecured creditor. Petitioner's schedule of debts specified:

> Claim was incurred during the years 1966, 1967, 1968, 1969 and arose out of the relationship between the bankrupt and the creditor's predecessor in interest, Kopy Kats, Inc., a Colorado corporation. Said claim is liquidated and represented by a judgment of the Superior Court of Alaska, Third Judicial District, dated August 19, 1974.

Notice of the bankruptcy proceedings was sent to and received by Great America at its Colorado address. Great America did not file an objection to the discharge of its debt. The bankruptcy court entered an order of discharge on May 22, 1975.

In 1979 respondents filed a notice of attorney's lien on the 1970 Kopy Kats judgment against petitioner. The lien was based on services respondents provided Kopy Kats in obtaining the judgment. Respondents subsequently foreclosed their lien, acquired a $76,892.33 interest in the Kopy Kats judgment, and were awarded judgment in their own name against petitioner in that amount in the Arapahoe County District Court. Shortly thereafter, respondents obtained a writ of garnishment attaching petitioner's interest in his father's estate. Petitioner responded by filing an "Application for Cancellation of Discharged Judgments" in the district court, alleging that the 1970 Kopy Kats judgment against him had been discharged in the 1975 bankruptcy. Petitioner contended that since the respondents' judgment was based on the Kopy Kats' judgment, their judgment was also void.

At the hearing on petitioner's application, petitioner introduced a certified copy of bankruptcy proceedings in Alaska and argued that the 1970 Kopy Kats judgment had been discharged. Petitioner testified that he believed Kopy Kats changed its name to Great America in 1969 or early 1970, and that Great America was the successor in interest to Kopy Kats. Accordingly, petitioner listed the Kopy Kats judgment under Great America's name in his bankruptcy petition. Respondent Costello appeared on behalf of the respondents. He did not present any evidence but argued that petitioner had failed to show that Great America was the successor in interest to Kopy Kats. Asserting that notice of the bankruptcy proceedings had not been sent to Kopy Kats, Costello maintained that the 1970 judgment had not been discharged.

The district court found that petitioner satisfied his initial burden of showing that the Kopy Kats judgment debt had been discharged by introducing into evidence a copy of the bankruptcy discharge. The court stated that the burden then shifted to respondents to establish an exception to discharge. In the court's view, respondents satisfied their burden by showing that Kopy Kats was not named as a creditor in the bankruptcy proceedings. The district court's belief that petitioner was required to list Kopy Kats as a creditor instead of Great America was apparently based on the court's finding that petitioner's testimony as to the date that Kopy Kats changed its name to Great America was not credible. Petitioner, the court noted, testified that the name change occurred in 1969 or early 1970, which was inconsistent with the fact that Kopy Kats had brought suit against petitioner under the name of Kopy Kats in March 1970. Having found that Kopy Kats was not named in the bankruptcy proceedings, the district court stated that the burden was on petitioner to show that Kopy Kats received actual notice of the bankruptcy. Since petitioner did not prove actual notice, the court concluded that the Kopy Kats judgment had not been discharged and denied petitioner's application for cancellation of the judgment debts.

Petitioner filed a motion to reconsider or, in the alternative, a motion for new hearing. Petitioner attached to the motion documents showing that Kopy Kats changed its name to Great America in 1971.[1] At the hearing on the motion, petitioner relied on C.R.C.P. 59(a)(1) (irregularity in proceedings) as grounds for a new hearing. Petitioner argued that respondent Costello's representation at the first hearing that Kopy Kats did not receive notice was untrue and amounted to an irregularity. The district court granted the motion "on the basis of Rule 59(a)(1) pertaining ... to the irregularity cited by [petitioner's attorney]." The court admitted petitioner's ad-

1. The documents included a certificate from the Colorado Secretary of State reflecting that Kopy Kats changed its name to Great America in November 1971; an affidavit from the president of Great America verifying the name change and stating that Great America received notice of petitioner's bankruptcy; and Alaska state court documents showing that Great America identified itself as the successor in interest to Kopy Kats in obtaining the Alaska judgment against petitioner.

ditional evidence and found that respondents' judgment and the underlying Kopy Kats' judgment had been discharged in bankruptcy. The court therefore reversed its previous order and granted petitioner's application to cancel the judgments.

Respondents appealed, contending that the motion for a new hearing should have been denied because there was no irregularity in the first hearing. Respondents also argued that the district court's decision to grant the motion could not be upheld under C.R.C.P. 59(a)(4) (newly discovered evidence) because the additional evidence introduced at the second hearing was not "newly discovered." The court of appeals reversed on the ground that the motion was not timely. *Kofoed v. Blecker*, 644 P.2d 74 (Colo.App.1981). The court of appeals, however, did not address the parties' contentions relating to C.R.C.P. 59(a)(1) and (a)(4).

We granted certiorari, reversed the court of appeals, and remanded the case to the court of appeals for a determination of the merits of the parties' contentions on the motion for a new hearing. *Blecker v. Kofoed*, 672 P.2d 526 (Colo.1983). On remand, the court of appeals again held that the trial court erred in granting the motion for a new hearing. The court rejected petitioner's claim that the trial court correctly relied on C.R.C.P. 59(a)(1), concluding that there was no irregularity in the first hearing. The court then determined that the motion must be considered under C.R.C.P. 59(a)(4) and held that the motion should have been denied because the additional evidence was known to petitioner at the time of the first hearing and could have been introduced then. The court of appeals therefore ordered that the trial court's original order denying petitioner's application for cancellation of the judgments be reinstated. We again granted certiorari to review the decision of the court of appeals.

**II.**

At the time of the proceedings in the district court, C.R.C.P. 59(a) provided:

(a) Grounds. A new trial may be granted to all or any of the parties, and on all or a part of the issues, after trial by jury, court, or master. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment. Subject to the provisions of Rule 61, a new trial may be granted for any of the following causes:

(1) Any irregularity in the proceedings by which any party was prevented from having a fair trial....[2]

*See First National Bank of Canon City v. Campbell*, 198 Colo. 344, 599 P.2d 915 (1979) (omission of a necessary jury instruction is an "irregularity" under rule 59(a)(1) which justifies the granting of a motion for a new trial). A trial court has broad discretion in deciding whether to grant a motion for a new trial. *Id.; Park Stations, Inc. v. Hamilton*, 38 Colo.App. 216, 554 P.2d 311 (1976). The decision of the trial court will be upheld on appeal absent an abuse of discretion.

A new trial may be granted on the basis of a misstatement of fact by counsel at trial. *Park Stations, Inc. v. Hamilton*, 38 Colo.App. at 216, 554 P.2d at 311. The purpose of a new trial under such circumstances is not to discipline counsel for misconduct but to prevent a miscarriage of justice. *Id.* While a misstatement by counsel at trial may under some circumstances be said to be an "irregularity" under C.R.C.P. 59(a)(1), we do not believe, as the trial court apparently did, that respondent Costello's assertion at the first hearing that Kopy Kats did not receive notice of the Alaska bankruptcy proceedings constituted a misstatement sufficient to warrant a new hearing. In his

---

**2.** Rule 59 has since been repealed and reenacted, effective January 1, 1985. Former rule 59(a)(1) is now contained in rule 59(d)(1).

schedule of debts in the bankruptcy petition, petitioner listed Great America, not Kopy Kats, and notice of the bankruptcy proceedings was not sent to an organization named "Kopy Kats." Therefore, respondent. Costello's statement that Kopy Kats did not receive notice was accurate.[3]

However, we disagree with the court of appeals that there was no irregularity in the conduct of the first hearing. In denying petitioner's application, the district court misconceived well-settled principles governing the burden of proof in actions where the discharge of a debt in bankruptcy is contested.

Absent an exception in the Bankruptcy Code, all debts are discharged in bankruptcy. 11 U.S.C. § 727(b) (1979); 3 *Collier on Bankruptcy* § 523.04 (15th ed. 1979). A bankruptcy discharge voids prior judgments against the debtor and operates as an injunction against the commencement or continuation of an action to recover the judgment debt. 11 U.S.C. § 524(a) (1979 & 1985 Supp.). Exceptions to the discharge of debts must be strictly construed against the creditor and in favor of the debtor. *In re Wade*, 43 B.R. 976 (Bankr.D.Colo.1984).

■■■ A debtor may establish a prima facie defense to an action to collect on a debt existing at the time of the filing of the bankruptcy petition by introducing a certified copy of the order of discharge. *Kreitlein v. Ferger*, 238 U.S. 21, 35 S.Ct. 685, 59 L.Ed. 1184 (1915); *Gomez v. Adams*, 462 N.E.2d 212 (Ind.App.1984); 3 *Collier on Bankruptcy* § 523.13[6]. The burden of proof then shifts to the creditor to show that his claim was in some manner excepted from discharge under section 523(a) of the Bankruptcy Code. *Id.* Of particular significance in this case, section 523(a)(3) excepts from discharge debts not properly scheduled. If the creditor establishes that his claim was not listed correctly in the debtor's schedule of debts, the burden is then on the debtor to show that the creditor had notice or actual knowledge of the bankruptcy proceedings. 11 U.S.C. § 523(a)(3) (1979); *Hill v. Smith*, 260 U.S. 592, 43 S.Ct. 219, 67 L.Ed. 419 (1923); 3 *Collier on Bankruptcy* § 523.13[6].

■■■ Here, the district court found that petitioner satisfied his initial burden of proof by introducing a copy of the discharge in bankruptcy. As we have noted, the burden was then on respondents to show that their claim was not properly scheduled. The district court believed that respondents met their burden by establishing that Kopy Kats did not receive notice of petitioner's bankruptcy. The court did not require respondents to prove that Kopy Kats *should* have been designated as a creditor instead of or in addition to Great America. The court erred in this regard, for a debtor who is aware that a debt has been transferred must list the debt under the name of the present owner, if known to the debtor. 11 U.S.C. § 523(a)(3); 3 *Collier on Bankruptcy*, § 523.13[3]. Prior to the filing of the bankruptcy petition, petitioner knew—as a result of Great America's efforts to enforce the 1970 Kopy Kats judgment in Alaska—that Great America was the successor in interest to Kopy Kats. Petitioner was therefore obligated to schedule the Colorado judgment under Great America's name, which he did. Since respondents failed to establish that petitioner was required to list the judgment debt under the name of Kopy Kats, the district court should have granted petitioner's motion to cancel the judgment. The district court's analysis of the evidence under an incorrect allocation of the burden of proof constituted an "irregularity" under C.R. C.P. 59(a)(1). Accordingly, a new hearing was appropriate. Although the district court granted petitioner's motion for a new hearing on an improper basis, the result was correct and will not be disturbed on appeal. *State v. Franc*, 165 Colo. 69, 437

---

**3.** We note, however, that when the respondents foreclosed their attorney's lien and obtained an interest in the 1970 Kopy Kats judgment against petitioner, they knew or should have known that Kopy Kats had changed its name to Great America in 1971. Costello's argument that Kopy Kats should have received notice instead of or in addition to Great America was an attempt to mislead the court to further his own interest. We disapprove of such conduct.

P.2d 48, *cert. denied,* 392 U.S. 928, 88 S.Ct. 2284, 20 L.Ed.2d 1385 (1968); *Miller v. Mountain Valley Ambulance Service, Inc.,* 694 P.2d 362 (Colo.App.1984).

The decision of the court of appeals is reversed, and the case is remanded to the court of appeals with directions to reinstate the district court's order cancelling respondents' judgment against petitioner.