BEA KAY REAL ESTATE CORP., Thousand Peaks Timber & Ranching Co., and Timothy J. O'Reilly, Plaintiffs–Appellees,

v.

Virginia ARAGON, as County Assessor of Huerfano County, The Board of County Commissioners of Huerfano County, and The Board of Equalization of Huerfano County, Defendants–Appellants.

No. 88CA0729.

Colorado Court of Appeals, Div. IV.

June 29, 1989.

Rehearing Denied July 20, 1989.

Certiorari Denied Nov. 20, 1989.

S. Morris Lubow, Denver, for plaintiffs-appellees.

Gary E. Hanisch, Walsenburg, for defendants-appellants.

Opinion by Judge DUBOFSKY.

Defendants appeal the summary judgment entered for plaintiffs. We reverse.

The record reveals that plaintiffs received late notices of increased valuations on their real property for the year 1987. The notices, signed by the county assessor and dated July 27, 1987, stated in part that:

"*Due to the late mailing of the enclosed notice, there is insufficient time for the County Board of Equalization to hear objections to the increase in value.* Therefore, if after review you feel the new assessed value is incorrect, you may file a written objection to the Board of Assessment Appeals.... Such appeal must be filed no later than August 27, 1987.... Prior to a hearing before the Board of Assessment Appeals, you may request a settlement conference.... The Assessor will contact you to set up a settlement conference, once she has been notified that you have filed an appeal with the Board of Assessment Appeals. The settlement conference must be completed prior to your hearing before the Board of Assessment Appeals." (emphasis added).

The plaintiffs filed a complaint in district court on August 5, 1987, asserting that they had been deprived of their right to a hearing and requesting that their property be valued for assessment at 1986 values.

The trial court found that the plaintiffs were unable to exhaust their administrative remedies and that, therefore, their alternative was to seek review in the district court. The trial court determined that it had jurisdiction to hear the matter and that plaintiffs were deprived of their right to a hearing on increased valuation. In granting plaintiffs' motion for summary judgment, the trial court concluded that "the procedures used by defendants are null, void and of no effect, and that for 1987 no real property of any of these plaintiffs shall be valued for assessment at any amount greater than for 1986." The trial court determined, among other things, that the defendants had violated mandatory provisions of § 39–5–121(1), C.R.S. (1982 Repl. Vol. 10B). It concluded that the failure of the defendants to follow mandatory provisions of the applicable statute voids the increases in valuation and taxation.

Defendants assert that the plaintiffs were required either to follow the altered procedure it created or, alternatively, to bring a claim under § 39–10–114, C.R.S. (1982 Repl.Vol. 16B). We disagree with defendants' contention that plaintiffs had to follow the altered procedure but agree that plaintiffs must seek correction of any erroneous tax valuations pursuant to § 39–10–114.

### I.

Section 39–5–121(1), C.R.S. (1982 Repl. Vol. 16B), which was in effect at the time of defendants' notice, provided that:

"No later than May 24 in each year, the assessor *shall* mail to each person whose land or improvements have been valued at an amount greater than the same were valued in the previous year a notice setting forth the amount of such increase in valuation. The notice *shall* state, in bold-faced type, that the taxpayer has the right to protest such increase in valuation and the dates and places at which the assessor will hear such protest." (emphasis added).

At the times pertinent here, if a taxpayer wished to contest an increase in the valuation of his property, he was required to protest the valuation to the county assessor pursuant to Colo.Sess.Laws 1984, ch. 278, § 39–5–122(2) at 1000. If such protest were denied, the taxpayer could appeal to the county board of equalization pursuant to § 39–5–122(3), C.R.S. (1982 Repl.Vol. 16B).

If the petition to the county board of equalization were denied, the taxpayer could either appeal to the State Board of Assessment Appeals or obtain direct judicial review in the district court. Colo.Sess. Laws 1985, ch. 302, § 39–8–108(1) at 1228–29 and Colo.Sess.Laws 1985, ch. 299, § 39–2–125(1)(c) at 1219. If the taxpayer elected to appeal to the State Board of Assessment Appeals and received an adverse decision, he could petition the district court for judicial review. Colo.Sess.Laws 1985, ch. 302, § 39–8–108(2) at 1229.

Here, it is undisputed that the notice and the procedure specified in the notice did not follow several of these statutory requirements. The defendants, nevertheless, claim that the modified version of this statutory scheme, as set out in the above-quoted notice, protected the rights of the taxpayers and that the taxpayers' failure to follow the modified version of the statute constitutes a failure to exhaust administrative remedies. We disagree.

The proper method for the taxpayer to test valuations is determined by the General Assembly. Local taxing authorities are not vested with the authority to modify these statutory procedures. *See Hoffman v. Colorado State Board of Assessment Appeals*, 683 P.2d 783 (Colo.1984). Therefore, we determine that the county assessor's alternative to the statutory scheme is void and that plaintiffs were not required to comply with its provisions.

### II.

However, we agree with defendants that the trial court improperly negated the tax increase because of the assessor's failure to follow the statutory procedure.

At the times pertinent here, there were two statutory routes which taxpayers could follow either to prevent an erroneous

tax collection or to recoup one which had been paid. Taxpayers could present objections to increases in property valuations to the assessor under § 39–5–122(2). If the assessor denied the protest, the taxpayers could appeal to the county commissioners, acting as the county board of equalization. Further appeals could then have been taken either to the State Board of Assessment Appeals or to the district court. *See* Colo. Sess.Laws 1985, ch. 299, § 39–2–125(1)(c) àt 1219 and Colo.Sess.Laws 1985, ch. 302, § 39–8–108(1) at 1228–29.

The other route is through the abatement statute, which permits a taxpayer to recoup taxes which have been levied erroneously or illegally because of: (a) an erroneous valuation or assessment; (b) irregularity in levying; or (c) clerical error. *See* § 39–10–114, C.R.S. (1982 Repl.Vol. 16B).

■ If a taxpayer is unable to pursue a claim under § 39–5–122(2), he can in certain circumstances proceed under § 39–10–114. *Board of Assessment Appeals v. Benbrook,* 735 P.2d 860 (Colo.1987). In situations in which the primary problem is the failure of the local taxing authorities to give timely notice of the valuation with the attendant procedural protections afforded by § 39–5–122, plaintiff's remedy is to proceed under § 39–10–114.

In *Modular Communities, Inc. v. McKnight,* 191 Colo. 101, 550 P.2d 866 (1976), the taxpayer received a real property tax valuation within the required statutory time. Several months after this valuation and beyond the statutorily provided time, he received a new notice of valuation placing the value of his property at approximately twice the earlier one. The court held that the second valuation was not void, despite its untimeliness. It further ruled that the taxpayer's proper remedy was to proceed under the abatement section by proving an erroneous valuation. The court stated:

> "We read the provisions of [the predecessor to § 39–10–114] to provide taxpayer relief from the over-assessment of his property in situations where his knowledge of the excessive charge is acquired

subsequent to the usual statutory deadlines for protests."

Thus, if the local tax authorities fail to give proper and timely notice of a tax valuation, the taxing authorities are not deprived of the tax or the tax increase but the taxpayer is permitted to contest the valuation and tax under § 39–10–114. *See also Lamm v. Barber,* 192 Colo. 511, 565 P.2d 538 (1977) (because abatement statute provided adequate protection to taxpayers, untimely valuations were valid).

Plaintiffs claim *Sperry Rand Corp. v. Board of County Commissioners,* 31 Colo. App. 444, 503 P.2d 356 (1972) requires this court to invalidate the tax increase. In *Sperry Rand,* a tax assessor failed to follow mandatory statutory language ("shall") by not providing written reasons for the assessor's denial of a taxpayer's protest. The court held that the tax difference was void. This ruling forces the local tax authorities either to apply the mandatory provisions of § 39–5–122 or to lose the disputed tax.

While this holding has the salutary effect of forcing conformity with the statutory requirements, it can also result in a windfall to the taxpayer who recoups money to which he is not entitled. In contrast, by requiring plaintiffs to pursue a claim under § 39–10–114, the *Modular Communities* rule affords them an opportunity to prove that they have been erroneously taxed and to obtain a recoupment of the excess, plus interest. It also prevents a windfall to either the county or the taxpayer. To the extent that *Sperry Rand* is inconsistent with subsequent decisions of the supreme court, it is no longer controlling.

The judgment of the trial court is reversed, and the cause is remanded with directions to dismiss plaintiffs' claims without prejudice to their right to seek relief pursuant to § 39–10–114.

PLANK and REED, JJ., concur.