**In re the MARRIAGE OF Michelle Annette OSWALD, f/k/a Michelle Annette Hix, Petitioner–Appellant,**

**and**

**Russell Huel Oswald, Respondent,**

**and Concerning S. Helen Oswald, Appellee.**

No. 91CA2024.

Colorado Court of Appeals, Div. I.

Jan. 14, 1993.

Vaughn L. McClain, Canon City, Edward Dale Parrish, P.C., Dale Parrish, Denver, for petitioner-appellant.

Law Offices of Rebecca L. Shandrick, Rebecca L. Shandrick, Denver, for appellee.

Opinion by Chief Judge STERNBERG.

Michelle Annette Hix (mother) appeals an order granting visitation rights to S. Helen Oswald, the children's paternal grandmother (grandmother). We reverse.

The marriage of mother and Russell Huel Oswald (father) was dissolved, and mother was awarded sole custody of their two children. For good cause, the father's visitation rights were proscribed. During the dissolution proceeding, the paternal grandmother moved for visitation rights. Her motion was granted as a temporary order, and the visitation award was made final as part of the permanent orders.

Grandmother was awarded visitation one afternoon each week from 4 to 6 p.m. and every Sunday from 8:30 a.m. to 2:30 p.m. The order stated that grandmother may take the children to her church. Grand-

mother was required to give 24 hours notice of her intent to exercise visitation and to conduct visitation in a public place, not in her home, and without any contact with father.

In making that award, the trial court found that mother objected to grandmother taking the children to grandmother's church on Sunday; mother "has to some extent relinquished her prerogative to provide religious instruction to her children by not taking them to her church with any consistency"; and "the children's best interest would be promoted by awarding [grandmother] visitation and allowing [her] to take the children to [her] church every Sunday morning."

In setting the time for the Sunday visitation, the trial court engaged in the following exchange with grandmother's attorney:

Attorney: And the six hours on Sunday, do you want it to start at noon to six?

Court: No. What time does your client go to church?

Attorney: Eight-thirty.

Court: Eight-thirty until six hours later.

## I.

■ Mother contends that the trial court erred in finding that she had "relinquished her prerogative to provide religious instruction" and that the order was in the children's best interests. We agree.

■ The trial court may award a grandparent visitation under the provisions of § 19–1–117, C.R.S. (1992 Cum.Supp.), but the custodial parent has the right to determine the religious training of the children. The court has no authority to intervene in that determination, unless, on motion by the noncustodial parent, the court finds that the children's physical health would be endangered or their emotional development significantly impaired. Section 14–10–130(1), C.R.S. (1987 Repl.Vol. 6B); *In re Marriage of Wolfert*, 42 Colo. App. 433, 598 P.2d 524 (1979).

The trial court here improperly interfered with mother's right to determine her children's religious training. There was no motion by father and no suggestion whatsoever that the children's mental or physical health was at risk. Therefore, the trial court lacked any statutory basis for its findings and order related to the religious practices of the children.

We reject grandmother's argument that the grandparent visitation statute provides authority for such an order impinging on the custodial parent's rights. There is neither record support nor legal authority for the trial court's determination that mother had relinquished her prerogatives as custodial parent to provide religious instruction or for its consideration here of the children's "best interests" as related to religious training by a visiting grandparent.

■ Moreover, even if the mother was providing *no* religious instruction for the children, the trial court's order could not stand. Such an attempt to control religious decisions is constitutionally impermissible. *See In re Marriage of Short*, 698 P.2d 1310 (Colo.1985). *See also Wolf v. Rose Hill Cemetery Ass'n*, 832 P.2d 1007 (Colo.App. 1991).

Here, the court's order expressly and effectively negated mother's preference concerning religion without any reasonable relation to the children's welfare and thus was repugnant to the free exercise of religion clauses of both the First Amendment and Colo.Const. art. II, § 4. *See Griffin v. Griffin*, 699 P.2d 407 (Colo.1985).

## II.

■ Because the issue is likely to arise again on remand, we address mother's additional contention that the visitation awarded to grandmother was excessive.

Under § 19–1–117(1) and (2), C.R.S. (1992 Cum.Supp.), the trial court may award a grandparent "reasonable grandchild visitation rights" if the court finds it to be in the best interests of the child. The court may not enter an order restricting the movement of the child if that order is solely for the purpose of allowing the grandparent to exercise visitation rights. Section 19–1–117(3), C.R.S. (1992 Cum.Supp.).

Matters of visitation are within the sound discretion of the trial court, taking the best interests of the children into consideration. *In re Marriage of Mann*, 655 P.2d 814 (Colo.1982). Visitation is primarily a right of the child and only secondarily a right of the visiting party. *See Bernick v. Bernick*, 31 Colo.App. 485, 505 P.2d 14 (1972).

Here, on remand, the trial court must be guided in its decision by consideration of the best interests of the children. The concerns raised by mother, as to the disruptive effect of extensive, scheduled visitation on the parent-child relationship and mother's right as the custodial parent to raise the children, are relevant to that consideration.

As previously noted, father's visitation rights were limited, for good cause. For that reason, the grandmother's visitation rights were restricted to prevent contact between father and the children. One of the restrictions was that visitation be conducted in a public place and not in her home. Such restrictions must also be considered by the trial court in determining reasonable visitation, as the amount and frequency of visitation that can reasonably be conducted in a public place may be limited.

The order is reversed, and the cause is remanded to the trial court for further proceedings to reconsider the motion for visitation and entry of a new order consistent with the views expressed in this opinion.

NEY and BRIGGS, JJ., concur.