**UNITED STATES of America, Plaintiff,**

v.

**Mike Mohammad ALAHMAD, Defendant.**

**No. CRIM.A. 98–CR–91–Z.**

United States District Court,
D. Colorado.

Dec. 8, 1998.

Martha Paluch, Assistant U.S. Attorney, Denver, CO, for Plaintiff.

Donald L. Lozow, Lozow & Lozow, P.C., Denver, CO, for Defendant.

## MEMORANDUM OPINION AND ORDER

WEINSHIENK, Senior District Judge.

This matter came before the Court on June 30, 1998, on defendant's motion to dismiss which raised the issue of whether a maternal grandmother can possess "parental rights" as that term is used in the International Parental Kidnapping Crime Act (IPKCA), 18 U.S.C. § 1204. At that time, the Court denied defendant's motion. A person commits the crime of International Parental Kidnapping when he or she removes a child who has been in the United States outside the United States with intent to obstruct the lawful exercise of parental rights. 18 U.S.C. § 1204. Defendant Mike Mohammad Alahmad was charged with violating the IPKCA based solely on his alleged interference with the visitation rights of the maternal grandmother. Defendant filed a motion to dismiss the indictment arguing that, as a matter of law, a grandmother cannot possess parental rights under the IPKCA. Previously, in making a probable cause determination, United States Magistrate Judge Richard M. Borchers ruled that the visitation rights of a grandmother are not "parental rights" as defined in the federal statute. *See U.S. v. Al–Ahmad,* 996 F.Supp. 1055, 1059 (D.Colo. 1998). This Court disagrees.

■ The IPKCA defines "parental rights" as a right to physical custody. 18 U.S.C. § 1204. Physical custody includes joint custody or sole custody, and visiting rights. *Id.* Thus, the three "parental rights" that trigger criminal liability under IPKCA are joint custody, sole custody, and visiting rights. IPKCA draws no distinction between these rights, nor does the federal statute otherwise define or limit the type of person who can possess these rights. Rather, the scope and nature of these three "parental rights" are determined by state law. *U.S. v. Amer,* 110 F.3d 873, 878 (2nd Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 258, 139 L.Ed.2d 185 (1997); *See also* Art. 3(a), Hague Convention, *opened for signature* Oct. 25, 1980, 19 I.L.M. 1501, T.I.A.S. No. 11670 (1980) (entered into force for the United States, July 1, 1988). According to Colorado statutory law, a grandparent can possess visitation rights. C.R.S. § 19–1–117 (1987). Although it is true that visitation rights of grandparents are more limited than visitation rights of parents, they are still recognized by Colorado law. *See In re Oswald,* 847 P.2d 251, 253–254 (Colo.App.1993). A limited right remains a right.

■ According to the record in this case, the maternal grandmother was granted visitation rights by a Colorado state court during a custody proceeding. Thus, the Colorado state court order of visitation rights vests

the maternal grandmother with "parental rights" under the plain language of the federal statute.

■ Further, the court agrees with the Magistrate Judge that a grandparent with joint custody or sole custody as defined by state law also has "parental rights" under the IPKCA.

Therefore, in accordance with the foregoing, it is

ORDERED that defendant's motion to dismiss the indictment based on the issue of parental rights is denied.

FURTHER ORDERED that the Memorandum Opinion And Order of the Magistrate Judge issued on March 6, 1998, is overruled to the extent that the Magistrate Judge ruled that a grandmother's visitation rights are not parental rights under 18 U.S.C. § 1204. *See U.S. v. Al–Ahmad,* 996 F.Supp. 1055, 1059 (D.Colo.1998).